Toomey, J.
Plaintiff, Rebecca V. Sullivan (Sullivan) seeks judicial review, pursuant to G.L.c. 30A, §14, of the final decision of the Division of Medical Assistance (Division) denying medical assistance (Medicaid) benefits for her daughter Tiffany’s braces and orthodontic treatment. For the reasons set forth below, the decision of the Division is AFFIRMED.
BACKGROUND
Sullivan qualified for and received Medicaid commencing in 1990. At that time, her dependent daughter Tiffany began receiving orthodontic treatment from Dr. Ernest S. Melanson under the Medicaid program. The treatment consisted of orthodontic appliances (braces).
As a result of Sullivan’s increased income,[1] the Department of Public Welfare terminated her Medicaid benefits. Subsequently, Medicaid ceased paying for any medical treatment, including Tiffany’s braces. The orthodontist refused further treatment and removed Tiffany’s braces. Sullivan reapplied for Medicaid benefits and her application was denied on November 29, 1993 because her income exceeded the Medicaid program limits. Sullivan appealed the denial.
On March 15, 1994 a hearing on Sullivan’s appeal was held. At the hearing, Sullivan stated that she was unable to afford Tiffany’s braces. She also stated that she was unaware that Medicaid would discontinue coverage for Tiffany’s pre-authorized orthodontic care if Sullivan’s earnings exceeded the Medicaid program limits and she became ineligible for benefits.
The hearing officer made the following findings: 1) Sullivan earned $1,473.22 a month: 2) her work-related deduction, for Medicaid purposes, is $90 a month, making her total income $1,383.22 a month; 3) under 130 CMR 506.410, the monthly income standard for Medicaid eligibility for a family of two is $650.00.
The hearing officer concluded that Sullivan was not eligible for any Medicaid benefits because her monthly income exceeded the Medicaid program monthly income standard by $733.22. On May 2, 1994, Sullivan appealed the administrative decision to this Court.
DISCUSSION
I. Standard of Review
The state Administrative Procedure Act limits the court’s review to determining whether the Division’s decision was (1) in excess of the Division’s authority or jurisdiction; (2) based on an error of law; (3) made upon unlawful procedure; (4) unsupported by substantial evidence; (5) unwarranted by facts found by the court on the record; or (6) arbitrary or capricious, an abuse of discretion or “otherwise not in accordance with the law.” G.L.c. 30A, §14(17)(a)-(g).
In reviewing the agency’s decision, the court is required to give due weight to the agency’s experience, technical competence, specialized knowledge, and the discretionary authority conferred upon it by statute. Flint v. Commissioner of Pub. Welfare, 412 Mass. 416, 420 (1992); Seagram Distillers Co. v. Alcoholic Beverage Control Comm’n., 401 Mass. 713, 721 (1988); Quincy City Hospital v. Labor Relations Comm’n, 400 Mass. 745, 748-49 (1987). The party challenging the administrative decision bears the burden of demonstrating the decision’s invalidity. Merisme v. Board of Appeals on Motor Vehicle Liab. Policies and Bds., 27 Mass.App.Ct. 470, 474 (1989).
II. Analysis
The Division properly denied Sullivan payment for Tiffany’s orthodontic services upon termination of Sullivan’s Medicaid eligibility. The Division’s regulations unequivocally state that “prior authorization determines only the health-care necessity of the authorized service and does not establish or waive any *189 other prerequisites for payment such as recipient eligibility.” 130 CMR 420.410(B)(1) (emphasis added). Furthermore, according to the regulations, the “Division will not pay for a prior-authorized service when the recipient’s Medical Assistance [Medicaid] eligibility is terminated on ... a date adjudicated by the division." 130 CMR 420.410(B)(2). Thus, the Division was acting as directed by its regulations when it discontinued payment for the pre-authorized orthodontic treatment upon Sullivan’s becoming ineligible for Medicaid.
The Division’s regulations differentiate between a health-care necessity for medical services and Medicaid eligibility for these services. It is only when financial eligibility for Medicaid exists that the Division will authorize payment for medical services. Thus, while the medical necessity that gave rise to the payment authorization for Tiffany’s braces may continue to exist, eligibility for medical assistance remains a precondition to Medicaid payment for the ongoing orthodontic treatment. 130 CMR 420.428(A). Sullivan is no longer eligible for Medicaid because her monthly income exceeds the Medicaid monthly income standard by over $700. Hence, the Division correctly discontinued Medicaid payments for Sullivan’s daughter’s orthodontic treatment.
ORDER
For the foregoing reasons, it is hereby ORDERED that the decision of the Division of Medical Assistance is AFFIRMED.[2]

Sullivan attended school while on welfare and succeeded in obtaining a job. As a result, she was able to remove herself from the welfare rolls in a laudable display of responsibility and self-respect.

This disposition will have no effect upon any legal action or complaint process that may still lie against the orthodontist either in a judicial forum or through the Board of Registration of Dentistry and Dental Hygiene. The court does not now address the merits or likelihood of success of any such action, but suggests that further attention to the conduct of the orthodontist may well be warranted.